GEORGE L. ROGERS *vs.* MAINE CENTRAL RAILROAD COMPANY.

Somerset.    Opinion July 15, 1915.

*Agent. Attachment. Bulky Articles. Exceptions. Keeper. Preservation of Attachment.*

Action by a deputy sheriff to recover damages for alleged unlawful removal of personal property on which plaintiff claimed to have a valid attachment.   On exceptions to the ruling in the court below directing verdict for defendant.

*Held:*

1.   The attachment was perfected by the officer as he was in view of the property which he sought to attach, with power to control and take same into possession, even though he did not actually lay hands upon it.

2.   There was no record of attachment made under the provisions for recording attachment of bulky property but a keeper was appointed by the officer.   It is well settled law, that in case of an attempt of another to interpose or take possession of personal property which has been attached by an officer, the latter should take such measures as to prevent it, unless resisted.

3.   It necessarily follows that what could or should have been done by the officer could or should have been done by his agent, the keeper.   The utter neglect of the keeper to interpose any opposition or protest, although present when the cars were about to be moved by the train crew, resulted in a failure of the officer, or his agent the keeper, to lawfully preserve the attachment.

On exceptions by plaintiff.   Exceptions overruled.

This is an action of trover by plaintiff, a former deputy sheriff, to recover for the conversion of twelve hundred bushels of potatoes, which the plaintiff, as deputy sheriff, had attached on a writ against the Maine Produce Company.   Plea, general issue.   At the close of the evidence, the presiding Justice directed the jury to return a verdict for the defendant, to which ruling the plaintiff excepted.   Pleadings and evidence are made a part of the exceptions.

The case is stated in the opinion.

*Manson & Coolidge*, for plaintiff.

*Johnson & Perkins*, for defendant.

SITTING:  SAVAGE, C. J., CORNISH, BIRD, HALEY, PHILBROOK, JJ.

PHILBROOK, J.  The plaintiff, formerly a deputy sheriff, having a writ in which a produce company was defendant, claims that he attached certain potatoes, as the property of the produce company, then in this defendant's cars, and that notwithstanding such alleged attachment this defendant shipped the cars and the potatoes contained therein to some point beyond the jurisdiction of the officer, whereby he was unlawfully deprived of the potatoes and could not sell them to satisfy the judgment when judgment and execution were obtained.

The railroad company, by way of defense, denied that the potatoes were the property of the produce company and also claimed that no valid attachment was ever made, or if so made was not lawfully maintained.  After the testimony was concluded the presiding Justice ordered a verdict for the defendant and to such order the plaintiff seasonably took exceptions.  In argument before this court, the railroad company abandoned the defense relating to the title to the potatoes and said that the whole question involved is whether the potatoes were under attachment when they were moved by the defendant's employees.  This involves the elements both of attachment and preservation of attachment of personal property.

The plaintiff testified that he attached the potatoes, left them in the cars and appointed a keeper.  We quote his own language, "I went up there and went to Mr. French (the plaintiff for whom the attachment was intended) and looked in the cars and saw the potatoes, opened the door and looked in and said, 'I attach these potatoes,' and he closed the cars again and left them in shape, and went down to Mr. French's and got Mr. Bartlett and asked him if he would act as keeper, and I said, 'I appoint you as keeper to look out for the cars.' "  He does not claim to have made any record of the attachment in the office of the town clerk under the provisions of statute for preservation of attachment of bulky articles of personal property. Apparently he considered his duty done as the testimony fails to disclose any further act on his part to exercise dominion or control over the potatoes except that he attempted to notify the defendant railroad company that he claimed an attachment on the potatoes but failed to do so as the agent to whom he telephoned was out at the time the attempt was made.

From the evidence in the case it is clear that the officer made a legal attachment, as he was in view of the property which he sought to attach, with power to control and take the same into possession, even though he did not actually lay hands upon it.  *Kelley* v. *Tarbox,* 102 Maine, 119; *Nichols* v. *Patten,* 18 Maine, 231.

But the preservation of an attachment once made forms as important an element in this case as the attachment itself.  As we have already seen, the plaintiff, after making the attachment and an unsuccessful attempt to notify the railroad company thereof, left the entire situation in the hands of a keeper, but this arrangement was made upon his own sole responsibility.  *Kelley* v. *Tarbox,* supra. In other words the keeper was simply an agent of the plaintiff, for the convenience of the latter, and by that agent's conduct the plaintiff is bound.

This keeper lived about eight rods from the railroad siding on which stood the cars containing the attached potatoes.  After being appointed keeper at night he went to the cars and noted in a book the numbers on the cars.  He slept in the house where he lived, in a room from which the cars might be plainly seen.  The attachment and appointment of Bartlett as keeper having occurred Saturday night, the latter opened the cars Sunday morning to prevent the potatoes from sweating, closed the same Sunday night and did the same duty on the morning and evening of Monday.  On Tuesday morning having heard that the railroad company was intending to bill out the cars, he sent a message by French to the station agent at Hartland, who had charge of billing cars from the siding referred to, forbidding the shipment of the cars and their contents.  Nevertheless, about eleven thirty o'clock in the forenoon, on the same Tuesday the regular train crew of this defendant, came to the siding and took away the cars with the potatoes therein contained.  On being asked what he said to the train crew, Bartlett replied that he said nothing, that he did not tell them he was the keeper but relied on what he had told the station agent.  He further said that he did not forbid the train crew to move the cars nor tell them that he was a lawfully appointed keeper.  In short, although present when the cars were about to be moved, he did nothing apparently to exercise control or dominion over the property entrusted to his care by an officer of law. For the defendant the conductor of the freight train testified that when he went for the cars there was nothing to indicate that they

were attached, that neither Bartlett, nor any one else forbad his moving the cars and that in fact he did not know until several weeks later an attachment upon the cars and contents was claimed. The testimony of the conductor was corroborated by both brakemen.

It is well settled law, early decided in this State in *Nichols* v. *Patten,* supra, that in case of an attempt of another to interpose or take possession of personal property which has been attached by an officer, the latter should take such measures as to prevent it, unless resisted. It necessarily follows that what could or should have been done by the officer could or should have been done by his agent, the keeper. It is the opinion of the court that the utter neglect of the keeper to interpose any opposition or protest, when the cars were about to be moved by the train crew, resulted in a failure of the officer, or his agent the keeper, to lawfully preserve the attachment and that the mandate must be,

*Exceptions overruled.*